UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| DELIA PABON-RAMIREZ, MARCIAL SANTIAGO-RUIZ, <br><br> Plaintiffs, <br><br> v. <br><br> MMM HEALTH CARE, et al., <br><br> Defendants. | Civil No. 12-1743 (JAF) |

**<u>OPINION AND ORDER</u>**

In this employment action, Defendants[1] move for relief from our prior judgment. (Docket No. 42.) Defendants style their motion as one under Federal Rules of Civil Procedure 59(e) and 60. (Docket No. 42 at 3.) Specifically, Defendants ask us to amend our prior opinion and order, (Docket No. 29), to hold that Plaintiff's claims under Article Two of the Constitution of the Commonwealth of Puerto Rico are time-barred. Plaintiff Delia Pabón-Ramirez ("Plaintiff") has failed to oppose, meaning that any objection is waived.[2]  See D.P.R. Loc. Civ. R. 7(b) ("Unless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection.").

---

[1] Defendants are MMM Holdings, Inc., MMM Multi Health, Inc., MMM Healthcare Inc., d/b/a Medicare y Mucho Más (hereinafter and collectively "MMM"), as well as Rosael Jiménez-Rosado ("Jiménez") and Maribeliz Mercado-Lorenzo ("Mercado") (hereinafter and collectively "individual codefendants").

[2] Plaintiff is joined in her suit by her husband, Marcial Santiago-Ruiz, and their conjugal partnership. (Docket No. 1-2 at 1.) Because it does not affect the legal issues in this case, we refer simply to "Plaintiff."

Civil No. 12-1743 (JAF)                                                                                                -2-

We find that this motion presents the "exceptional circumstances" required to grant the motion under Fed. R. Civ. P. 60(b)(1).[3]  See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (requiring a party moving for relief under Fed. R. Civ. P. 60 to "demonstrate at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the ability to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.") (internal quotations and citations omitted).

First, Defendant MMM did raise the affirmative defense that Plaintiff's constitutional claims were time-barred in their answer to the complaint and in their motion to dismiss. (Docket Nos. 10 at 19-20; 35 at 13.)  Defendants now acknowledge their own "inadvertence and excusable neglect" for failing to develop this argument fully in their earlier motions to dismiss.[4]  See Fed. R. Civ. P. 60(b)(1) (listing inadvertence and excusable neglect as permissible grounds for relief).

Second, Defendants have now raised a meritorious defense that Plaintiff's claims are time-barred.  (Docket No. 42 at 9.)  Plaintiff waited five years after her "constructive resignation" to bring her constitutional claims before this court.  In her complaint before Puerto Rico's Anti-Discrimination Unit, there is no suggestion that she raised a claim under the Puerto Rico Constitution.  (Docket Nos. 1-2 at 3-4; 42 at 9.)  Finally, we note again that Plaintiff has failed even to oppose this motion by Defendants or make any argument that her claims were tolled.  Thus, we find that Plaintiff has failed to preserve her claims.  See Rodriguez v. Municipality of Caguas, 354 F.3d 91 (1st Cir. 2004) (to toll limitations period

---

[3] Defendants have failed to advance any grounds that would justify relief under Fed. R. Civ. P. 59(e).  See Fisher, 589 F.3d at 512 (a party cannot use a motion for reconsideration to advance arguments that could and should have been made before judgment issued).

[4] See Docket No. 42 at 3.

Civil No. 12-1743 (JAF)                                                                                         -3-

under Puerto Rico law, causes of action in extrajudicial complaint and later suit must be identical); see also Benitez-Pons v. Com. of Puerto Rico, 136 F.3d 54, 59-60 (1st Cir. 1998) (finding that plaintiff did not toll one-year statute of limitations applicable to tort claims under Puerto Rico Constitution).

For these reasons, we will amend our prior judgment, (Docket No. 29), to find that Plaintiff's claims under the Puerto Rico Constitution are time-barred. We refuse to reward parties who wait years to bring their claims before this court and then fail to defend those claims when challenged. We gave Plaintiff the benefit of the doubt in our earlier opinion, in which we allowed many of Plaintiff's claims to proceed, despite her failure to oppose Defendants' motions. (Docket No. 29.) We have no intention of being so lenient now or in the future. Therefore, Plaintiff's claims under Article II of the Puerto Rico Constitution will be dismissed as time-barred.

Defendants also ask to clarify a point from our previous order, in which we referred to the claims of "Plaintiff" rather than "Plaintiffs." (Docket No. 42 at 11-13.) Defendants wish to clarify that our dismissal of Plaintiff's claims, (see Docket No. 29 at 24), also included the dismissal of all derivative claims of Plaintiff's husband and their conjugal partnership. Defendants are correct. As we noted in our previous order, we referred to Plaintiff in the singular because it did not affect our legal treatment of the issues in this case. (Docket No. 29 at 1 n.1) We follow the same convention here. Because any claims of Plaintiff's husband and their conjugal partnership are merely derivative of the claims of the lead Plaintiff (Delia Pabón-Ramirez), any dismissal of Plaintiff's claims naturally entails the dismissal of all derivative claims as well.

Civil No. 12-1743 (JAF)                                                                                        -4-

For the foregoing reasons, Defendants' motion is hereby **GRANTED.** (Docket No. 42.) Plaintiff's claims under the Puerto Rico Constitution are **DISMISSED WITH PREJUDICE.** Plaintiff's discrimination and retaliation claims under the ADA and ADEA remain pending against MMM only. Plaintiff has surviving claims under Puerto Rico Law 100 against both MMM and the individual codefendants. All other claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of June, 2013.

                                            s/José Antonio Fusté
                                            JOSE ANTONIO FUSTE
                                            United States District Judge