UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DELIA PABON-RAMIREZ, et al.,

    Plaintiff,

v.

MMM HEALTHCARE, INC. et al.,

    Defendant.

Civil No. 12-1743 (JAF)

**OPINION AND ORDER**

In this age discrimination case, we previously dismissed all federal law claims with prejudice and all local law claims without prejudice. (Docket No. 158.) The parties filed cross-motions to alter or amend our judgment. Plaintiff Delia Pabon-Ramirez ("Plaintiff")[1] asks the court to reverse our dismissal of the federal and local age discrimination claims. (Docket No. 160.) Defendants MMM Healthcare, Inc., d/b/a Medicare y Mucho Más and Rosael Jiménez Rosado ("Defendants") ask us to alter our order so that Plaintiff's state law claim is likewise dismissed with prejudice. (Docket No. 167.)

We have reviewed and studied Plaintiff's motion to alter and still find that our prior judgment was correct. The bulk of the motion consists of counsel merely reiterating the prior arguments that did not succeed. The remainder we frankly find a bit muddled. That said, after reading Plaintiff's motion many times and reviewing the relevant case law, our dismissal stands.

---

[1] This case originally involved Plaintiffs Delia Pabon-Ramirez, Marcial Santiago-Ruiz, and the Conjugal Partnership Santiago-Pabon. Although the other parties were not formally dismissed, Plaintiff's motion only refers to "Plaintiff Delia Pabón-Ramirez," so we proceed on the assumption that she is the only remaining Plaintiff. (Docket No. 160 at 1.)

Defendants ask us to dismiss the local law claims with prejudice. We can exercise supplemental jurisdiction over state law claims that are "so related to claims in the action […] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In our "informed discretion," we "must take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256-57 (1st Cir. 1996). This case was removed to federal court in September 2012, and discovery extended until March 2014, well before our dismissal. *See Senra v. Town of Smithfield*, 715 F. 3d 34, 41 (1st Cir. 2013) (finding it sufficient that the parties had actively litigated the matter for over a year, and that the seven-month window for discovery had closed).

We have discretion to dismiss the local law claims when "the questions of state law [are] not so novel as to warrant the added time and expense inherent in a remand to state court." *Id.* at 41. Although they are more relaxed than the federal standards, local employment laws are quite similar. Both Puerto Rico Law 100 and the ADEA provide causes of action in favor of persons who suffer age-based employment discrimination. Law 100 is more plaintiff-friendly, because it "establishes a rebuttable presumption that the employer has discriminated illegally unless the employer can show that the discharge was justified," placing the burden of persuasion on the employer. *Alvarez-Fonseca v. Pepsi Cola of Puerto Rico Bottling Co.*, 152 F.3d 17, 27 (1st Cir. 1998). However, a plaintiff can only take advantage of this relaxed standard after she "proves by a preponderance of the evidence that [she] was actually or constructively discharged." *Id.* at 28. In her motion to alter, Plaintiff only writes her "resignation was a constructive

resignation" and that her "resignation was not a personal decision made alone by herself." (Docket No. 160 at 12.) However, constructive resignation only occurs when a plaintiff shows that "her working conditions were so difficult or unpleasant that a reasonable person in [her] shoes would have felt compelled to resign." *Lee-Crespo v. Schering-Plough Del Caribe, Inc.*, 354 F.3d 34, 45 (1st Cir. 2003) (internal citation omitted). The motion for reconsideration fails to change our previous conclusion that no reasonable jury would find Plaintiff had been constructively discharged. (Docket No. 158 at 13.) Therefore, her claims would be dismissed in local court. Perhaps we should have previously dismissed these claims with prejudice. On second look, we now do so.

For the foregoing reasons, we hereby **DENY** Plaintiff's motion to alter judgment (Docket No. 160) and **GRANT** Defendants' cross-motion to alter judgment (Docket No. 167.) Plaintiff's federal law claims (Docket No. 1-2) are **DISMISSED WITH PREJUDICE** and her local law claims (Docket No. 1-2) are also **DISMISSED WITH PREJUDICE**. An amended judgment reflecting this decision shall be entered.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of September, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE